IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANA B. GOMEZ,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO. 11-1770 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On August 8, 2011, plaintiff Ana B. Gómez (hereafter "plaintiff Gómez") filed a complaint against defendant the United States of America for personal injury upon being subject of a traffic accident on Post at Fort Buchanan that occurred on December 30, 2009. (Docket No. 1). The Complaint presents claims against defendant the United States stating that one Charlotte L. Rose, while driving a motor vehicle owned by a civilian María Cotto, impacted plaintiff Gómez, a pedestrian, while at the parking lot, when making a left turn against the flow of traffic. (*Id*., ¶1.5). The Complaint alleges the persons in command position at Buchanan allowed risky conditions in the parking lot, by not having sufficient signalization and no physical barriers to protect pedestrians from stray vehicles. (*Id*., ¶¶1.12-1.13) Plaintiff Gómez was transported by an Emergency Technician, a contractor of the United States Army, to health facilities outside Post at the Bayamón Regional Hospital instead of faster and better diagnostic at nearby facilities in Buchanan. (*Id*., ¶¶1.6-1.8).[1]

---

[1] The John and Jane Does defendants have not been identified, although were included in the event any tort not covered under the Federal Tort Claims Act may prevail.

On July 13, 2012, defendant United States filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim over which relief can be granted. Fed.R.Civ.P. 12(b)(6)(1). (Docket No. 17).

The Motion to Dismiss is unopposed by plaintiff Gómez. (Docket No. 17).

## STANDARD FOR MOTION TO DISMISS

The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1). It provides:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;

This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction, among others, challenges grounded in considerations of sovereign immunity and the existence of federal question jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). The Court of Appeals for the First Circuit held that the standard of review of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6)." Murphy, 45 F.3d at 522.

The United States has herein moved to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Thus, the burden is on plaintiff to show by preponderance of the evidence that the Court has subject matter jurisdiction to entertain this matter.

Under the motion to dismiss standard of Fed.R.Civ.P. 12(b)(6), the court's consideration is limited to the complaint, written instruments that are attached to the complaint as exhibits, statements or documents that are incorporated in the complaint by reference, and documents on which the complaint heavily relies.

Notwithstanding the fact that the defendant United States has attached some exhibits to its Motion to Dismiss (Docket No. 17, Standard Form 95-109, Exhibit 1; Letter denying claim, Exhibit 2) said action would not cause the motion to be considered one for summary judgment. *See* Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir.1998) ("When ... a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). Extrinsic materials bearing on a court's subject matter jurisdiction may be considered in connection with a Rule 12 motion to dismiss without conversion of motion into one for summary judgment. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). *See* Coyne v. Cronin, 386 F.3d 280 (1st Cir. 2004).

Moreover, while district court generally may not consider materials outside the pleadings on a motion to dismiss for failure to state a claim, it may consider such materials on a motion to dismiss for lack of subject matter jurisdiction. González v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

In addition, to determine the jurisdictional issue, there is no need for discovery under the submission for district court has discretion to defer pre-trial discovery pending resolution of a jurisdictional question when "the record indicates that discovery is

unnecessary (or, at least, is unlikely to be useful) in regard to establishing the essential jurisdictional facts." Dynamic Image Techs., Inc. v. United States, 221 F.3d at 38; *see also* Sanchez ex rel. D.R.-S. v. U.S., 671 F.3d 86 (1st Cir. 2012).

As such, the issues raised in defendant's request for dismissal are ripe for adjudication.

## LEGAL DISCUSSION

**A. Federal Tort Claims Act (FTCA).**

It is clear law that "[a]s a sovereign nation, the United States is immune from liability except to the extent that it consents to suit." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000). The FTCA[2] evinces a waiver of sovereign immunity with respect to certain categories of torts committed by federal employees in the scope of their employment. *See* Title 28, United States Code, Section 1346(b)(1).[3] It simultaneously grants the federal district courts jurisdiction over such claims. *See id.*; *see also* FDIC v. Meyer, 510 U.S. 471, 475-77, 114 S.Ct. 996 (1994) and Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269 (1957) (noting that "this Court has long decided that limitations and conditions

---

[2] The FTCA expressly waives the government's sovereign immunity, permitting individuals to sue the government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

[3] *See* United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352 (1979) ("[T]he [FTCA] waives the immunity of the United States and ... in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.").

upon which the Government consents to be sued must be strictly observed"); Bolduc v. United States, 402 F.3d 50 (1st Cir. 2005).[4]

Congress made presentment of claims a jurisdictional prerequisite to suits under the FTCA, but it provided no statutory definition of presentment, nor standards by which its jurisdictional sufficiency might be judged. *See, e.g.,* Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004) (prior filing of an administration claim is a jurisdictional prerequisite to a claim under the FTCA). Still, an agency must receive enough information in the administrative claim filed in order to begin an investigation to satisfy the notice-of-claim requirement of the FTCA. As long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular alleged tort conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement of the FTCA. Ramírez-Carlo v. United States, 496 F.3d 41 (1st Cir. 2007).

Plaintiff Gómez sent a claim using the Standard Form 95-109 to the Department of the Army for the traffic accident she suffered at Fort Buchanan wherein she claimed the driver of the vehicle, who caused the damages, was a government employee. The corresponding letter denying the administrative claim was thereafter issued stating as grounds that no such employee acting with the scope of employment was involved in the traffic accident but rather was a family member of an Air Force active duty airmen, driving

---

[4] Thus, generally speaking, the United States enjoys immunity from suit. *See* McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir.2006). In the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, Congress waived the government's sovereign immunity with respect to private tort actions. Such waiver allows a number of restrictions, conditions and fixed time limits. *See* Rakes v. United States, 442 F.3d 7, 18 (1st Cir. 2006).

another civilian vehicle. Thus, having no government employee involved in the events of the damages suffered by plaintiff Gómez in a motor vehicle accident on Post at Fort Buchanan, the administrative claim was denied.

Plaintiff Gómez then filed the instant federal complaint against the United States (U.S. Army) and as to other civilian defendants in the event a state tort could be claimed. The complaint refers generally to the traffic accident when as a pedestrian plaintiff Gómez was struck by one Charlotte L. Rose that resulted in personal injury on Post at Fort Buchanan. Insofar as defendant United States, plaintiff Gómez submits the persons in command position at Fort Buchanan allowed risky conditions to exist in the parking lot, for no sufficient signals and no physical barrier to protect a pedestrian from stray vehicles were present in said parking lot. (Docket No. 1, ¶1.5). Plaintiff Gómez also avers that officers at Fort Buchanan (identified as the John Does' defendants) were negligent in the security measures reasonably required for the protection of pedestrians, within was it is expected in Puerto Rico of the operator of a parking lot accessory to a store where sales are conducted. (*Id.*, ¶1.12). Additionally, plaintiff submits in the Complaint that "[o]fficers at Fort Buchanan by action and/or omission did not conduct themselves as good *pater familias,* as required under Puerto Rican law, in the operation of the parking lot accessory to the PXTRA (Building 606). They were at all times acting within the scope of their office and/or employment, with respect to the events stated above." (*Id.*, ¶1.13).

Defendant submits plaintiff Gómez' claim against the United States must fail for the Complaint filed with the Court blames novel individuals and raises distinct legal theories than the ones submitted in the administrative claim regarding that one Charlotte Rose's

Ana B. Gómez v. United States of America
Civil No. 11-1770 (CVR)
Opinion and Order
Page No. 7

negligent driving was the cause of plaintiff's injuries and said individual was mistakenly therein identified as an employee of the United States. (Docket No. 17, Exhibit 1 and Exhibit 2). Under these premises, defendant submits that plaintiff's notice of the required administrative claim is missing as to the allegations against unidentified government employees that damages were caused because the persons in command at Fort Buchanan allowed risky conditions in the parking lot for lack of signals or physical barriers. No opposition whatsoever appears on record to defendant's motion to dismiss. Therefore, any appeal to the district court decision would be reviewed only for plain error since plaintiff has forfeited any argument in favor of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See* Fothergill v. United States, 566 F.3d 248 (1st Cir. 2009).

**B. Adequacy Notice of Claim under FTCA.**

We must examine if the administrative notice of claim is insufficiently detailed and, thus, did not constitute a valid claim under the FTCA. In order to carefully evaluate that contention, it is helpful to describe the contents of the notice of claim.

The Standard Form 95-109 (Claim for Damage, Injury, or Death) in this case, which was filed by plaintiff Gómez with the Department of the Army dated October 1, 2010, and marked received on November 10, 2010, provides:

> 8. Basis for the claim: traffic accident resulting in personal injury on Post. On the above captioned date, active military personnel Charlotte L. Rose impacted claimant with motor vehicle 2001 Grand Cherokee (owned by María Cotto, a civilian) as follows: while operating said motor vehicle and while traveling North on the parking lot through the pedestrian crosswalk, said military personnel made a left turn against the flow of traffic onto lane "H" between the pedestrian sings in front of PXTRA and struck claimant who was

Ana B. Gómez v. United States of America
Civil No. 11-1770 (CVR)
Opinion and Order
Page No. 8

walking towards parking lane "H", causing her to fall on her face and roll on the pavement." (Docket No. 17-1, Exhibit 1).

The letter of February 7, 2011, denying Gómez' administrative claim, refers to the claim for personal injuries and moral damages suffered by plaintiff Gómez when she was struck by a motor vehicle driven by Charlotte Rose in front of the Post Exchange in Fort Buchanan on December 30, 2009. The claim was denied for Charlotte Rose is the family member of an active duty airmen and not an employee of the United States for which the FTCA would not establish United States' liability. Title 28, United States Code, Section 2674. (Docket No. 17-2, Exhibit 2).

It is clear from the record and the unopposed motion to dismiss that plaintiff Gómez' administrative claim was solely due to a traffic accident caused by civilian driver Charlotte L. Rose, who is not a federal employee, and no reference to any other person or tort conduct was made. However, a review of the Complaint filed in this case shows that it incorporates new parties, to wit, the John Doe's defendants as commanding officers at Fort Buchanan and/or their alleged tort of act and/or omission, who were never addressed, referred or even hinted to in the administrative complaint. Plaintiff blames in the complaint different persons from the ones mentioned in the administrative claim, including unmentioned individuals and also seeks to establish a causal relationship between her alleged damages and theories of liability that are not related to the erratic driving of Charlotte L. Rose.

In Vega v. United States, 68 F. Supp. 2d 113 (D. Puerto Rico, 1999) this court held that a postal convention attendee did not provide adequate administrative notice of his

claim against the United States Postal Service (hereafter "USPS") for false arrest or imprisonment, intentional infliction of emotional distress, and negligent supervision, as required by the FTCA, for the administrative claim failed to mention any facts to remotely alert the USPS of any claims based on such theories.[5]

Likewise, in an action under FTCA, alleging medical malpractice, claims for brain damage and lack of consent to the surgery were dismissed since those claims were not presented in administrative claim. Adames Méndez v. United States, 652 F Supp 356 (D. Puerto Rico, 1987). *See* Diane M. Allen, J.D., *When is claim properly presented to federal agency, under 28 U.S.C.A. § 2675(a), for purposes of satisfying prerequisite to subsequent suit under Federal Tort Claims Act,* 73 A.L.R. Fed. 338 (Originally published in 1985).

Upon an examination of the administrative claim herein presented and the pleadings of the Complaint filed, even after construing the Complaint liberally and treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff, regardless of the absence of an opposition, this Court concurs with the defendant's submission of lack of jurisdiction for failure to follow the corresponding FTCA pre-filing proceedings as to the administrative claim and for failure to state a claim over which relief can be granted.

---

[5] In other similarly situated claims, it has been ruled there was no information in the notice of claim as to how employee was injured, the cause of the injury, how that injury was related in any way to the manner in which a TSA vehicle was parked at airport, or the nature of the alleged injury. Donahue v. U.S. Transp. Sec. Admin., 457 F. Supp. 2d 137 (E.D. N.Y. 2006). Claim before suing under FTCA, although Form 95 described injuries sustained and physical effects suffered, claimant did not include facts from which legally sophisticated reader might have discerned that he received inadequate medical treatment. Palay v. United States, 349 F.3d 418 (7th Cir. 2003).

In conclusion, where exceptions to the FTCA's waiver of the federal government's sovereign immunity apply, as in the instant case, federal courts lack subject matter jurisdiction over torts against the United States and the complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(1).

## CONCLUSION

In view of the foregoing, defendant United States' Motion to Dismiss is GRANTED for plaintiff has failed to state a claim over which relief can be granted. (Docket No. 17). All of plaintiffs claims are DISMISSED WITH PREJUDICE.

Judgment to be entered accordingly.

In San Juan, Puerto Rico, this 30th day of August of 2012.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VÉLEZ-RIVÉ
                                        UNITED STATES MAGISTRATE JUDGE